Good morning. May it please the Court, my name is Ben Goldwater. I represent the defendant Yvonne Lau. I'm sorry Counsel, what's your last name? Goldwater. Goldwater, I'm sorry. Seated in my counsel table is a colleague, Jim Ayers. This young lady is Cassandra Hernandez. She just stood by last month. Counsel, if it's possible, just keep your voice up a little bit. I will, Yvonne. Thank you. This case began in 2013 when the plaintiffs filed suit under the Residential Real Property Disclosure Act, which contains a provision that the court may award reasonable attorney's fees incurred by the prevailing party. There's no issue here that the plaintiffs were the prevailing party in the initial suit in 2013. And based upon their being the prevailing party, they filed a petition with the trial court for an award of attorney fees. The trial judge decided not to provide us with an evidentiary hearing and proceeded to enter an order. He provided for some $28,000 in attorney fees cost. The attorney's invoice that was used in getting this award in fees was unsupported by any contemporary time records of any sort. We appealed from both the decision for the money judgment that was entered by the trial court in favor of the plaintiffs and also the award of attorney fees. In this appeal, the plaintiffs added an additional issue before the appellate court in crude one, and that was a jurisdictional issue. The court did not take oral argument in crude one. However, it affirmed the money judgment against the defendants and for the plaintiffs, ruled in favor of the defendants on the jurisdictional issue, and ruled in favor of the defendants on the award of attorney fees. The court provided in its order that the court should have provided us with an evidentiary hearing, which it did not, and also that the attorney invoice used by the plaintiffs for that award were unsupported by any time records of any sort and that the entries were insufficient to give the trial judge an ability as to whether or not the fees requested by the plaintiffs were reasonable. And thus, that was reversed. After the mandate came down, the plaintiffs filed a new petition with the trial judge. In this new petition, they used an amended attorney invoice. They removed certain charges, which they granted to one of the plaintiffs, who is an associate of the plaintiff's firm, because in our view, he was acting pro se, and a pro se attorney is not entitled to recover fees. So what they did is they deleted the fees attached to the work that he's done showing on the amended attorney invoice and added in it the supposed time that was spent by Ms. Dunn in handling that appeal. The judge this time did provide us with an evidentiary hearing, and what the evidence showed in that hearing is that, number one, the plaintiff's attorneys claimed that they were a personal injury firm. They didn't bill on a time basis. Therefore, they kept no time records at all. They charged only on a contingency fee basis. However, they chose in this case, which is not a personal injury case, they chose to proceed without rendering any time sheets at all. Is it your position that they're not entitled to fees then? Because knowing that one of the remedies was the attorney's fees and they didn't keep time sheets, they're now precluded from receiving fees? That is only one of the basis under which we're asking this Court to reverse. But you are making that argument. Yes. Yes, because I don't believe that the amended attorney invoice had any indications other than the conjectures of the attorneys who made entries on that amended attorney's invoice as to the time that they spent on the case. The witnesses that were presented at this hearing testified that they reviewed the amended attorney invoice and in their view the entries made by other lawyers were appropriate. However, that would be hearsay. We raised a hearsay objection as to the testimony of the witnesses as to other lawyers' time records. The Court permitted that testimony to come in. So your argument is in essence failure of proof. I beg your pardon? Your argument in essence is a failure of proof. They failed to prove their entitlement. Yes, but not only a failure of proof. You also argued that there's no evidence that there was any fees incurred. That's correct. And that really is perhaps the strongest basis of the argument that we made. I got a couple of questions. Who actually is this $67,000 judgment against? It's against the defendants. Both of them? Both of them. What's the basis for entering a judgment for attorney's fees against Lau? I cannot answer that. She was? The only basis for attorney's fees is the statutory right under the Disclosure Act. That is correct. And the only one who was found liable under that Act was Chan. That is correct. The only thing Lau was found liable for was common law fraud. There's no right to attorney's fees in the Common Law Fraud Act. That is correct. The testimony of the witnesses for the plaintiff, and particularly that of Joseph Saucer, who was a senior partner in the plaintiff's law firm, when asked on cross-examination by me whether or not the plaintiffs were ever provided with any invoice for attorney's fees and costs, his answer was no. The question was, were they ever provided any invoice for costs other than Exhibit 19? I think it's the exact colloquy. On page 42 and 43 of the record, I started by asking the question in that manner, and then I corrected myself and asked if they were provided with any. Well, here's what it reads exactly. Was an invoice space. Other than the amended invoice attached as Exhibit 19, was any invoice for legal services rendered a cost advance ever sent to Mr. and Mrs. Crude? Answer, no. Was payment ever made? Answer, no. Not on my part. You're correct in what you're reading, Your Honor, but my intent was to correct my initial statement about that particular exhibit and include any invoices served on the plaintiffs. The answer was no. I also inquired as to whether or not the plaintiffs had paid any fees or costs to the firm. Mind you, this testimony was in 2018. This case started in 2013, and Mr. Sorce's answer to that was also in the negative, that he knew of no payments that were made. I would also like to point out that throughout both the trial of the case in 2016 and also going on into the fee petitions that were filed in 2018, at no time did the plaintiffs indicate that they paid anything at all. Therefore, they did not incur any fees or costs. And if they didn't incur fees or costs, they are not entitled to recover them. The analogy that was made in our brief was that a pro se attorney is not entitled to fees because he just doesn't incur them. And the analogy is that in this instance, the Crudes did not incur any fees or costs, and therefore they should not be entitled to recover any. Well, at least the argument is there is no proof they incurred any fees or costs. They presented none. They presented none. And, you know, this statute, Section 55 of the Act, is a very, very interesting statute because unlike most fee shifting statutes, it doesn't indicate that the court can award reasonable attorney fees. It specifically provides that a person who violates the Act shall be liable in the amount of the actual damages in court costs, and the court may award reasonable attorney fees incurred by the prevailing party. It's the only statute that I know of in fee shifting where the word incurred has been included by the legislature. And so there's never been an interpretation of this statute before. So it's your argument that it's the person seeking fees' burden to prove that they actually incurred fees before fees can be awarded even discretion. Even discretion in the trial. That is correct. And I think the trial judge disregarded those arguments that were made before him and did enter an order for some $67,000 in attorney fees and costs. We think that the judgment of the trial court was improper under the law, should not have been entered, and we're requesting that Your Honors reverse that judgment and award nothing in fees. Thank you. Okay. Thank you, Counsel. Appellate. Good morning, Your Honors. Kirsten Dunn for the appellees. Jason Crute and Mary Page Crute. One of the arguments I wanted to address, because it seemed to be somewhat of a new tactic that defendants were taking in the reply brief, was to draw a distinction between quantum merit petitions and fee shifting scenarios. And they cited this Kaiser case for the proposition that it's incumbent on a fee petitioner in a fee shifting situation to present detailed records maintained during the pendency of the litigation. That is a 1987 case, and I wanted to point out that two of the cases cited in my brief that post-date that case have contrary indications. The Kirkpatrick v. Strasburg case, it was a Consumer Fraud Act fee shifting provision case, where the court specifically stated the failure of the attorney to keep time records does not negate the reasonableness of the fee award. And the defendants in their reply made no attempt to distinguish that case. What was the evidence that was presented by the parties seeking fees in that case? In Kirkpatrick, it was not entirely clear. There was evidence that he produced some time slips that had primarily worked on a contingency order. His argument is there was no evidence in this case as to the amount of time spent by these three lawyers. Right. And one of the other cases I wanted to bring to your attention was the Young v. Alton Gardens case that was also cited in my brief. I reviewed that case more carefully in preparing for today's argument, and I noted that in that case the plaintiff's counsel failed to keep contemporaneous time records. No, we understand that. The keeping of contemporaneous time records doesn't necessarily negate the entitlement to fees. If the lawyer is able to testify competently, it's the amount of time he spent on the case. In your case, not one of the three lawyers was capable of doing that. They admitted to mail, admitted, we kept no time sheets. I have no knowledge of the amount of time I spent. One of them said, I think this might be the minimum. And you testified, I believe, that you kept no time records, and that eight months or so after you did the work, you filled out this exhibit. Well, and we presented all the documents that we had used in compiling those estimates. Except for one problem. The trial judge awarded the fees based upon Exhibit 19. Well, I think he alluded it not only based on Exhibit 19, but based on our testimony, based on our affidavits, based on the court records. We presented evidence. First of all, you don't prove a case by affidavits. You prove a case by witness and evidence that's admissible. Let me ask you a question. Who's this judgment against? I understood your argument to be correct. My argument? Yeah. No, that it would only be enforced against Chan. Well, the orders don't make any sense. The first order, which was the underlying judgment orders, found in favor of the plaintiffs and against Chan on the Disclosure Act violation, found in favor of Lau as against the plaintiffs on the Disclosure Act action, and found in favor of the plaintiffs against both defendants on the Common Law Fraud action. So there is no basis for an award of attorney's fees as I see it. Although the judgment order states judgment is entered in favor of the plaintiff against the defendants, plural, for attorney's fees, costs, and expenses in the amount of 67,336.76. Correct. And your point is well taken. I do agree that the statute would be the basis. The other problem we have is how much of this judgment do you think is for attorney's fees and how much of it is for costs and expenses? Well, I believe that the – I do not have the order in front of me. I apologize. But I believe the defendant stipulated to the amount of costs. What happened here was the order doesn't say how much is for attorney's fees, how much it costs. If you go to the transcript, you find out that he awarded $58,712.50 for fees and the remaining $8,624.26 was for expenses. I mean, that's actually what the transcript says. So I presume that's correct. So at least I think we have a problem with the attorney's fees as against law. I mean, that's a difficult proposition. No, and I think that point is well taken. I believe that the statute would be the basis. Now, on the statute, as I was discussing with your opponent, this is a very strange statute because the legislature chose to include the word incurred as part of the discretionary award fees by the court. The incurred, by the way, is not a predicate to actual damages or costs. It only comes in under the discretionary award of fees, and the word of incurred has been asserted. So is it your understanding that the statute requires the fees to be incurred before they can be awarded? I believe it requires them to be incurred, and I believe the evidence at trial established that it was. And why does it have to be incurred? Well, the question that Joe Cerci was asked, and this is me quoting from the record, other than the amended invoice, and then I have in brackets attached a plaintiff's petition in the trial court, as Exhibit 19, was any invoice for legal services rendered or cost advance ever sent? But the predicate to that is other than the amended invoice. Well, he answered no. He didn't say that the amended invoice was ever sent. He said no invoice other than the amended invoice was ever sent. I don't think that necessarily means the amended invoice was ever sent. No, I think it does when you look at it in combination with the affidavits that were attached to a petition. Well, except for one problem. The affidavits were never introduced as evidence, so you never gave your opponent an opportunity to object. Well, they were attached to a petition. But they're not evidence. They're hearsay. Affidavits work for summary judgment. Affidavits work for a lot of things. But they're not a substitute for evidence when you have an evidentiary hearing. And I was looking for an objection to those affidavits because you refer to them in your brief. And then when I examined the transcript, I found out you never offered them an evidence. And so we never gave them an opportunity to object. They're pure hearsay. Okay. I mean, we had submitted them to the court, and we understood that the court considered all the exhibits to our petition. So in those affidavits, both Jason Crute and Joe Soros, he said, the attorney in voice reflects the charges billed to the plaintiffs. So that, in our view, shows that they were billed. And then the word ---- Assuming that that's true, is that enough to say that they incurred? Was there any evidence as to an agreement? A retainer agreement, a lawyer? No retainer agreement, no. But I did look into the meaning of the word incurred because I am prepared for the argument. We have to put this in context. This plaintiff is a member of your law firm. That's correct. He's a member of the law firm that wants these fees. That's correct. He charged members of your own firm full freight? Yes. He charged them full freight? I've never had the need to use my services, fortunately. Okay. It's my understanding that if this judgment for fees were to be reversed, that they would ask Jason Crute to pay this money. Here's ---- If it were reversed, he's got to pay? Yes. What evidence is there in the record as to the actual amount of hours spent by the attorneys for whom fees were awarded? Well, we put together the estimates. Who's we? Myself, Bennett Baker, Jason Crute, and Larry Ruder. Didn't one of them, did the plaintiff help you put together the inbox? Sorcey, is that his name? Yes, Joe Sorcey. Joe Sorcey testified. Your firm doesn't keep billing records. No timesheets or slips were made for any of the entries in Exhibit 19. No time records were kept in connection with the case at all. And he didn't keep records of his own time. He didn't even know who prepared the document. Then we went to Mr. Baker. He testifies that the entries on Exhibit 19 present a minimum number of hours he worked on the file. And then admits he kept no time records of the actual time he spent. And he didn't keep count of his time. It was his best estimate. Right. And the case, I believe, allows for estimates to be considered by the courts. In that respect, it would have been a lot easier if we had kept the records. And you testified, I believe, that you testified to the work you performed on appeal, admitted you kept no time records, and made the entries about eight months after the work was performed. That's correct. Do you remember eight months later, to the tenth of the hour, how much time you spent? I made my best estimate. And any time I had a question, I erred on the side of rounding down and not up. And I do believe it's permissible under the case law for the courts to guess. Well, not to guess. In fact, Joe Cersi specifically denied that. Defense counsel asked him whether these were guesses. And he said they're not guesses. They are estimates, but they're not guesses. And we based them on all the documents that were attached for a petition. Defense counsel had them at his disposal to ask us about at the hearing, if he wished. And we, if I could get back to the word incur, I did do some research into that over the weekend, and I found the plain and ordinary meaning of the word incur, as related to other statutes, which courts have found that it is to become liable or subject to bring or take upon oneself. You know, the fact that he isn't paid doesn't mean that he's not liable. I understand that, but don't you think if you want to collect fees, it was incumbent upon you to put a witness on the stand that says, these plaintiffs incurred these fees. They have to pay these fees if it's not paid by the defendant. And that would have been a real easy thing to do, but you didn't do it. And so the question is, and I guess I'll ask Mr. Goldberg again, is this a case of failure of proof? In other words, you failed to introduce evidence that they actually incurred the fees, as opposed to the fact you want them. If the word were not incurred, were not included in this statute, all the rest of the fee-shifting statutes would turn around and say the award of reasonable fees, no requirement to be incurred, just have to be reasonable. But this statute, for some reason, has this word incurred in it. Right. No, and I mean, we feel that the evidence showed that the payment is expected. The invoice was sent. The invoice would not have been sent if no payment were expected. And the judge is also allowed to draw on his own reasonable experience in setting the fee. I mean, he could have reasonably. Well, he could, except for one thing. It's clear from this transcript. He ordered these fees based on Exhibit 19. The entries in Exhibit 19 for which he allowed fees is what he based those fees on. He didn't hand the hourly rates request. He didn't change a thing. So this wasn't a situation where the judge said, I saw you do this, and therefore I'm awarding you these fees, which he can do. Right. Well, and for Larry Ruger's work, the reason he didn't take the stand was that defense counsel stipulated. So he was the attorney who actually tried the case, and he was present and prepared to testify that defense counsel stipulated to the amount of time and the hours he had spent and whatnot. So, I mean, I think the stipulations of defense counsel, the testimony, plus the invoice and the other documents, we do believe that we gave the judge sufficient evidence on which he could determine a reasonable fee, and no abuse of discretion in that regard has been shown. And the only other thing I wanted to point out is that your directive in the first appeal was that if the information contained in the attorney invoice was taken from the original documents, those documents should have been presented in court or made available. We did comply with that directive. We explained, no, these documents do not include time records. We don't keep time records. These are all the documents that we looked at in reaching our estimates. So we feel that we corrected the problem your honors pointed out the first time around. There's at least six or seven entries that include assistance of JMK or including review with JMK. So is this time you're asking for that? No, we just, you know, we mentioned that we were conferring with the client about the work, at least until I don't recall what other attorney's entries with JMK might have included, but I know now I know that I was speaking with him about the case. It wasn't that he was doing work on the case. It was me doing the work and just filling him in in the role of a client. I didn't see any of your times. No. Okay. All right. Okay. So I thought I had one or two that I wrote that confer with client about brief or. Not in the invoice. Okay. All right. Okay. No, in terms of the other attorneys, I would assume that it would be the same, that I don't really want to speak for the other attorneys what they meant. So if you don't have any other questions. I have one question. Absolutely. When you did the appeal, did you apportion your request of fees based upon what part of the appeal you won and what part you lost? Justice Lampkin, I did not, but I noticed in reviewing the judge's award that he divided the amount that we requested for appellate services. He awarded exactly half of the amount we requested for that, and half the appeal was successful essentially and half was not. So we felt that that bore a reasonable relationship to the benefit that had been conferred on the client. Okay. All right. Thank you, Your Honors. Thank you, Counsel. Any rebuttal? What do you think about this stipulation? I stipulated that Mr. Ruda's testimony would be similar to that of the other witnesses in that he would say that he had no time slips, kept no time records, and therefore since I tried the case with him, I didn't feel that it was. Also, Judge Snyder allowed us one hour to both present their case and whatever I had to present, and as a result the hour was coming very close and I didn't want to go into Mr. Ruda testifying in the same fashion as the other witnesses did, but he kept no time sheets and that's his estimate as to what he spent on it. One other thing concerning the question that you posed, Your Honor. In the added time to the amended attorney invoice for the appeal in Group 1, I asked Counsel if she had any time allowed for the three different issues that were presented to Your Honors on the first appeal, and she could not determine what time was spent on any one of the three issues, so they were all bundled into one timeframe to be put on the amended attorney invoice, and that is in Group 1, there were three issues. Two of them were decided in favor of the defendant appellants and only one was decided in favor of the plaintiff, I believe, and there was no discerning what she spent time on either on the first issue, the second, or the third issue. Thank you very much. Thank you both. The case will be taken under advisement and the court will be adjourned.